UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Case No. 26-mj-24 (JRT/ECW)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S MOTION TO** |
| vs. | ) | **DISMISS CHARGE FOR** |
| | ) | **OUTRAGEOUS GOVERNMENT** |
| NASRA AHMED, | ) | **CONDUCT AND FOR** |
| | ) | **EVIDENTIARY HEARING** |
| Defendant. | ) | |

Defendant Nasra Ahmed, through undersigned counsel, hereby moves the Court for an Order dismissing the Information against Ms. Ahmed with prejudice on the grounds that the government engaged on severe misconduct that violated his right to due process. Ms. Ahmed requests an evidentiary hearing to enable to the development of a complete factual record relating to the government's misconduct.

The government's pursuit, detention and arrest of Ms. Ahmed were part of the federal invasion of the Twin Cities area earlier this year where thousands of ICE, CBP and other federal agents terrorized residents under the guise of removing immigrants who were in this country illegally and who had committed serious crimes. Ms. Ahmed was one of thousands of people whom agents singled out without any substantive grounds to believe that she was not legally in the United States, and most commonly singled them out based on their racial or ethnic appearance. Indeed, Ms. Ahmed is a United States citizen based on his having born in this country, and but is of Somali origin, Black and

wears a hijab.[1]  Based on her color and physical appearance, she was racially profiled by agents.

According to disclosure by the government, ICE agents on January 14, 2026 were at a residential complex in St. Paul to conduct a "knock and talk" at the home of somer person whom for unknown reasons they suspected. When agents were at this property, they saw Ms. Ahmed, stopped her and demanded her identification. Agents had no basis for stopping Ms. Ahmed and demanding her ID. As stated, she is a U.S. citizen by birth. The only plausible explanation is her skin color and religious clothing. After agents checked Ms. Ahmed's identification and realized there was no basis to harass her, one of the agents called her the N-word. Ms. Ahmed was shocked by the expression of racial hatred which she had never experienced. An argument ensued. Shortly thereafter, agents violently arrested Ms. Ahmed, and booked her into jail where she remained for more than two days.

Government conduct that is "so outrageous and shocking that it exceeds the bounds of fundamental fairness may violate the [Fifth Amendment] Due Process clause and bar a subsequent prosecution." United States v. Hunt, 171 F.3d 1192, 1195 (8th Cir. 1999) (internal quotations omitted). "Whereas the defense of entrapment focuses on the predisposition of the defendant to commit the crime, the defense of outrageous government conduct focuses on the government's actions." United States v. Combs, 827

---

[1] Shortly before launching "Operation Metro Surge" Donald Trump publicly called Somali Americans "garbage."

F.3d 790, 794 (8th Cir. 2016) (internal quotation omitted). The outrageous government conduct defense applies "[w]here the government essentially generates a new crime for the purpose of prosecuting it or induces a defendant to become involved for the first time in certain criminal activity, as opposed to merely interposing itself in an ongoing criminal enterprise. United States v. Mosley, 965 F.2d 906, 911 (10th Cir. 1992) (citing cases); see also United States v. Boone, 437 F.3d 829, 842 (8th Cir. 2006) (the defense applies "where law enforcement officers have sought to create crimes in order to lure a defendant into illegal activity.")

Where a defendant raises "specific facts that are sufficient to raise a significant doubt about the propriety of the government's actions," the district court should hold an evidentiary hearing to develop the facts relevant to the defendant's defense of outrageous government misconduct. United States v. Valona, 834 F.2d 1334, 1340 (7th Cir. 1987) (cited in United States v. Kelley, 152 F.3d 881, 885 (8th Cir. 1998)); see also United States v. Augustine Med. Inc., CRIM.03-321, 2004 WL 502183, at *1 (D. Minn. Mar. 11, 2004)  (the Court held an evidentiary hearing on defendants' motion to dismiss alleging outrageous government conduct).

A motion to dismiss based on outrageous government misconduct must be made under Rule 12(b)(3) as a pretrial motion. United States v. Warren, 788 F.3d 805, 811 (8th Cir. 2015).

There are multiple facts which raise significant doubt about the propriety of the government's actions, thereby justifying an evidentiary hearing on the instant motion. Federal agents stopped Ms. Ahmed when she had not committed any crime. They demanded her identification without any basis. As ICE agents who were part of a large militarized operation intended to deport as many people as possible, they were presumably looking to deport Ms. Ahmed. But they had no rational basis to believe that she was not legally in the United States. An agent then called Ms. Ahmed a hateful racist slur, and agents then violently arrested her. All of these violations of Ms. Ahmed's Fourth and Fourteenth Amendment Rights are outrageous on their own or in combination. The actions are even more outrageous because they part of a larger deliberate operation by the federal government to engage in a racist and fascist campaign of terror against the people of Minnesota.

This motion is based on all files, records, proceedings, arguments of counsel, and any evidence presented at the hearing on this motion.

Dated:  April 3, 2026                                LAW OFFICE OF JORDAN S. KUSHNER

By s/Jordan S. Kushner
JORDAN S. KUSHNER
Attorney ID 219307
Attorney for Defendant
431 South 7th Street, Suite 2446
Minneapolis, Minnesota  55415
(612) 288-0545
jskushner@gmail.com