UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Case No. 26-mj-24 (JRT/ECW)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S SUPPLEMENT** |
| vs. | ) | **TO MOTION TO DISMISS** |
| | ) | **CHARGE FOR OUTRAGEOUS** |
| NASRA AHMED, | ) | **GOVERNMENT CONDUCT** |
| | ) | |
| Defendant. | ) | |

Defendant Nasra Ahmed, through undersigned counsel, hereby supplements her

prior motion to dismiss based on outrageous government conduct (Doc. 33) by presenting

additional grounds in support of said motion. The additional grounds are that the

government improperly posted defamatory comments and prejudicial photographs of Ms.

Ahmed on official and widely read websites which violated the court's prior sealing order,

numerous professional standards intended to protect defendants' due process rights, and

Ms. Ahmed's right to due process.[1]

---

[1] Undesigned counsel acknowledges that this pleading has been filed after the motion filing deadline and the day before the scheduled motions hearing. This is because subsequent to filing the motions, undersigned counsel became sufficiently informed about the litigation of this issue and the Court's expression of concerns about the government's conduct with respect to a defendant who was in the same Twitter posts as Ms. Ahmed in the case of *United States v. Krubele Adbebe*, Case No. 26-mj-77 (SRN/ECW) (D. Minn). The defense submits that the Court should consider the issues arising from the government's social media posts in order to ensure that Ms. Ahmed receives full consideration of whether her rights have been violated.

Shortly after Ms. Ahmed voluntarily self-surrendered to the U.S. Marshal on January 28, 2026 to appear in Court in response to the criminal arrest warrant and complaint in this case, the government posted on social media, namely "X", an announcement that 16 persons in Minneapolis had been arrested for violations of 18 U.S.C. § 111, named the 16 individuals, and then published their booking photographs including the photograph of Ms. Ahmed. (Declaration of Jordan S. Kushner and attached Exhibit 1 [Exhibit is filed under seal]). The AG's post described Ms. Ahmed and other's as "rioters." (Id). The Magistrate Judge presiding over the initial appearances in the 16 case criticized the government for publishing booking photos on the internet while the defendants are presumed innocent.[2]

On January 20, 2026, the Court has issued an order sealing the complaint and supporting affidavit which set forth the charge. (Doc. 4). The post on X was made at 12:53 am on January 28, 2026. The charges were not unsealed until Ms. Ahmed's initial appearance which took place at 1:56 pm on January 28. (Doc. 6). The government thereby violated the Court's order.

Despite the Court's admonition against the government publishing booking photos and unproven allegations against defendants who are presumed innocent, later in the afternoon of January 28, 2026, the Department of Homeland Security published booking photos of the 16 persons arrested, with a description of them as "Anti-ICE anarchists.

---

[2] See www.nytimes.com/2026/01/28/us/ice-protest-photos-bondi-social-media.html (copy also attached).

(Kushner Decl., Ex. 2). The photograph of Ms. Ahmed identified her by name and stated that she was arrested for "ASSAULT, SPITTING ON OFFICER". (Id.)

The widely publicized negative and inflammatory comments about Ms. Ahmed and perp walk photos gravely jeopardize the prospect of her receiving a fair trial. Ms. Ahmed is also subject to ridicule and potential danger due to the inflammatory and improper posts. Comments by readers in response to the DHS post indeed show Ms. Ahmed personally being ridiculed.

The Government's tweets were not neutral docket notices or unavoidable disclosures, but rather, a deliberate and government-created publicity event: a staged custody photo, paired with Ms. Ahmed's name, and distributed through the United States Attorney General's and DHS's official social media accounts. Because these tactics inappropriately announced Ms. Ahmed's guilt and potentially intimidated witnesses, sanctions are appropriate. *See Fredin v. Middlecamp*, No. 17-CV-03058 (SRN/HB), 2020 WL 6867424, at \*11 (D. Minn. Nov. 23, 2020), *aff'd,* 855 F. App'x 314 (8th Cir. 2021) (imposing sanctions against party for creating websites intimidating and disparaging other litigants and their counsel); *United States v. Bowen*, 799 F.3d 336, 350 (5th Cir. 2015) (imposing sanctions when prosecutors posted online comments that spoke to the guilt of defendants).

The Government's bad faith is evident from the significant departure from the Department of Justice's own practices for the ethical distribution of information regarding

criminal charges. The Department of Justice's usual practice when posting information or issuing press releases about charges against defendants has previously been to remind the audience that "[a] complaint is merely an allegation and the defendant is presumed innocent until proven guilty beyond a reasonable doubt in a court of law." This is consistent with the DOJ's Justice Manual, which states that "[a] news release issued before a finding of guilt should state that the charge is merely an accusation, and the defendant is presumed innocent until proven guilty." Department of Justice, Justice Manual, § 1-7.500.  Another DOJ manual provision states,  "Because the release of certain types of information could prejudice an adjudicative proceeding, DOJ personnel should refrainfrom disclosing the following, except as appropriate in the proceeding or in an announcement after a finding of guilt: A. Observations about a defendant's or party's character."  Department of Justice, Justice Manual, § 1-7.610. The provision further provides, "DOJ personnel should not encourage or assist news media in photographing or televising a person held in custody. DOJ personnel should not voluntarily disclose a photograph of a defendant unless it serves a law enforcement function or unlessthe photograph is already part of the public record in the case."

Here, however, the head of the Department of Justice took to social media to post—to her 1.1 million followers and beyond—the name and image of Ms. Ahmed in connection with this case.  On top of the negative and prejudicial photo, the government further labeled Ms. Ahmed a "rioter . . . who [has] been resisting and impeding" federal

law enforcement agents. (Kushner Decl, Ex. 1). This statement is breathtakingly inappropriate, by not only classifying Ms. Ahmed as a "rioter" (a crime she was not charged with), but by stating as fact that she was "resisting and impeding" federal agents—which are related elements of the crime that she has been charged with. *See* 18 U.S.C. § 111(a) (making it a crime to forcibly resist or forcibly impede government agents). The DHS further applied to Ms. Ahmed the inflammatory label of "anarchist."

The AG's conduct further violates recognized professional rules, the ABA Model Rules of Professional Conduct, Rule 3.6(a) provides, "A lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter."[3]  A prosecutor is specifically required to

> refrain from making extrajudicial comments that have a substantial likelihood of heightening public condemnation of the accused and exercise reasonable care to prevent investigators, law enforcement personnel, employees or other persons assisting or associated with the prosecutor in a criminal case from making an extrajudicial statement that the prosecutor would be prohibited from making under Rule 3.6 or this Rule.

ABA Model Rule 3.8(f).

Ms. Ahmed is now on notice that the Government will not hesitate to publicize

---

[3]  See also Minnesota Rules of Professional Conduct 3.6(a).

information about her and her case—true or not. This could certainly have an impact on whether witnesses are willing to come forward or testify in this case. *See Garcia v. Bertsch*, 470 F.3d 748, 750 (8th Cir. 2006) (acknowledging witnesses' reluctance to testify when presented with "spectacle" and "repercussions").

The government's misconduct described above, either on its own or in combination with the conduct described in Ms. Ahmed's underlying motion, egregiously violates her due process to a degree that dismissal is the appropriate remedy. In the event that the Court did not determine that dismissal were warranted, or in addition to dismissal, Ms. Ahmed requests other appropriate relief including but not limited to holding the government in contempt of court for violating its order, ordering the government to remove its posts about Ms. Ahned from the internet.

Dated:  April 23, 2026                                    LAW OFFICE OF JORDAN S. KUSHNER

                                                                    By s/Jordan S. Kushner
                                                                         JORDAN S. KUSHNER
                                                                         Attorney ID 219307
                                                                         Attorney for Defendant
                                                                         431 South 7th Street, Suite 2446
                                                                         Minneapolis, Minnesota  55415
                                                                         (612) 288-0545
                                                                         jskushner@gmail.com