UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Court File No. 26-mj-24 (JRT/ECW)

UNITED STATES OF AMERICA,

Plaintiff,

v.

NASRA AHMED,

Defendant.

**GOVERNMENT'S MOTION TO HOLD DEADLINES IN ABEYANCE PENDING AN ORDER ON THE MOTION TO DISMISS**

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, Kristian Weir, Assistant United States Attorney, and Robert Tucker, Special Assistant United States Attorney, hereby submits this motion to hold all deadlines in abeyance pending the Court's ruling on the Government's motion to dismiss.

On May 14, 2026, the Government moved to dismiss the case against the defendant without prejudice. ECF No. 69. The Government's motion to dismiss was made in the interest of justice. As such, the Government further requests the Court to hold all pending deadlines in abeyance, pending its decision on the motion to dismiss.

The Government's disclosure requirements are tethered only to active, pending criminal matters. A dismissal eliminates the original basis for the Court's exercise of jurisdiction over the case. *See* 18 U.S.C. § 3231; *see also Anastasoff v. United States*, 235 F.3d 1054, 1056 (8th Cir. 2000). Further, many

1

of the discovery rights are mooted by dismissal. *See* Fed. R. Crim. P. 16(a)(1)(E) (tying the government's disclosure obligations to information that is "material to preparing the defense" or which the government intends to use at trial); *United States v. Coppa*, 267 F.3d 132, 139 (2d Cir. 2001) ("*Brady* and its progeny are grounded in the Due Process Clauses of the Constitution," and the "essential purpose of the rules enunciated in these cases is to protect a defendant's right to a fair trial"); 18 U.S.C. § 3500 (limiting the Jencks Act requirements to criminal prosecutions).

Here, the defendant's discovery motions as well as the government's responses to those motions were all filed before the motion to dismiss. Similarly, the motions hearing and the parties' arguments at that hearing were all premised on the existence of an ongoing criminal prosecution against the defendant. Currently, the Government has outstanding discovery obligations. See ECF No. 55. In response, the Government requested to extend discovery deadlines for 60 days, as the Government has been working to locate, assemble, and collect materials for the May 12 discovery deadline and the May 14 declaration deadline. See ECF No. 66. In light of the Government's motion to dismiss, all pending deadlines should be held in abeyance, pending the Court's decision on the motion to dismiss.

Both parties would benefit from the Court first addressing the threshold issue of dismissal before the parties continue to litigate this case. This, in turn,

will help clarify the issues, promote judicial economy, and avoid unnecessary litigation. Because the vast majority of relevant discovery resides outside the U.S. Attorney's Office of Minnesota, the Government has notified the relevant agencies of the discovery order and their required compliance; they are undertaking efforts to collect the responsive documents and have communicated their efforts and progress. Once the discovery is collected, a detailed review would be necessary to determine what privilege, if any, the Government will assert. The Government will continue this process pending the Court's order on its motion to dismiss.

For all the foregoing reasons, the government requests that the Court hold the disclosure deadlines in abeyance pending its ruling on the government's motion to dismiss.

Dated: May 14, 2026

Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

KRISTIAN C.S. WEIR
Assistant U.S. Attorney

*s/Robert G. Tucker III*
BY: ROBERT G. TUCKER, III
Special Assistant U.S. Attorney
Bar # 24136128TX
300 South 4th Street
6th Floor
Minneapolis, MN 55415
202-230-4022
Email: robert.tucker@usdoj.gov