**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

                                    Case No. 26-MJ-24 (JRT/ECW)
                        Plaintiff,

v.                                  **MEMORANDUM OPINION AND ORDER**
                                    **DISMISSING CASE WITH PREJUDICE**

NASRA AHMED,

                        Defendant.

Bradley M. Endicott and Robert Tucker, III, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Jordan S. Kushner, **LAW OFFICE OF JORDAN S. KUSHNER**, 431 South Seventh Street, Suite 2446, Minneapolis, MN 55415, for Defendant.

Defendant Nasra Ahmed was charged with one count of assaulting, resisting, or impeding certain officers under 18 U.S.C. § 111(a)(1) after she allegedly assaulted immigration officers during the course of their official duties. The Government now moves to dismiss the case without prejudice under Rule 48(a) of the Federal Rules of Criminal Procedure. Ahmed does not object to dismissal but requests that the charges against her be dismissed with prejudice. Because dismissal with prejudice is necessary to protect Ahmed from prosecutorial harassment, the Court will dismiss the case with prejudice.

**BACKGROUND**

I.      **FACTS**

On January 20, 2026, the Government filed a criminal complaint, charging Ahmed with assaulting, resisting, or impeding certain officers in violation of 18 U.S.C. § 111(a). (Compl., Jan. 20, 2026, Docket No. 1.)  According to the supporting affidavit, on January 14, 2026, Immigration and Customs Enforcement officers encountered Ahmed after conducting an unsuccessful targeted immigration enforcement operation.  (Aff. of Bronson D. Day ¶¶ 4–5, Jan. 20, 2026, Docket No. 1-1.)  As the officers were returning to their vehicles, Ahmed allegedly approached them "and began yelling obscenities."  (*Id.*) At this point, one deportation officer reports that he observed Ahmed "raise her arm and make a throwing motion," and then another deportation officer "was hit in the leg, with what was later identified as an egg."  (*Id.* ¶ 6.)  Four deportation officers approached her, and she allegedly resisted arrest and spit in an officer's face.  (*Id.* ¶¶ 7–8.)

The same day the Government filed the Complaint—January 20, 2026—a warrant was issued for Ahmed's arrest.  (Bench Warrant, Jan. 20, 2026, Docket No. 2.)  At the Government's request (Docket No. 3), the Court issued an order sealing the Complaint and the accompanying affidavit setting forth the charges (Order to Seal, Jan. 20, 2026, Docket No. 4).

Despite the Court's sealing order, then-United States Attorney General Pamela Bondi posted the following statement on the social media platform "X" at 12:53 p.m. on January 28, 2026:

> MINNESOTA ARRESTS — I am on the ground in Minneapolis today.  Federal agents have arrested 16 Minnesota rioters for allegedly assaulting federal law enforcement — people who have been resisting and impeding our federal law enforcement agents.
>
> We expect more arrests to come.
>
> I've said it before and I'll say it again: NOTHING will stop President Trump and this Department of Justice from enforcing the law.

(Decl. of Jordan S. Kushner ("Kushner Decl.") ¶¶ 3–4, Ex. 1, Apr. 23, 2026, Docket Nos. 44–45.)  Attorney General Bondi's post received more than 3.3 million views.  (*Id.*)

That same day, Attorney General Bondi responded to her original post, stating: "These are the names of those arrested today under 18 U.S. Code § 111 (Assaulting, resisting, or impeding certain officers or employees)."  (*Id.*)  Attorney General Bondi then listed sixteen individuals by name, including Ahmed.  (*Id.*)  She subsequently posted another reply that included the booking photographs of several of those individuals, including Ahmed.  (*Id.*)  In Ahmed's photograph, Ahmed is depicted standing beside a federal agent whose back is turned to the camera.  (*Id.*)

Also on January 28, 2026, at 1:56 p.m.—approximately one hour **after** Attorney General Bondi's initial post on "X"—Ahmed made her initial appearance, during which the Court granted the Government's motion to unseal the case. (Min. Entry, Jan. 28, 2026, Docket No. 6.)

-3-

Later that afternoon, at 3:57 p.m., the Department of Homeland Security (DHS) posted on "X":

> These violent Anti-ICE anarchists will not deter DHS law enforcement from arresting and deporting the worst of the worst in Minnesota.
>
> They are fighting to keep rapists, murders, drug dealers, and predators in their community.
>
> You will not stop us.  This administration will not be intimidated.

(Kushner Decl. ¶ 5, Ex. 2, Docket Nos. 44, 46.)  DHS also posted Ahmed's booking photograph on its X account, identifying her by name and labeling the image with the caption: "***ARRESTED:*** ASSAULT, SPITTING ON OFFICER."  (*Id.*)  DHS's post received more than 98,000 views.  (*Id.*)

## II.    RELEVANT PROCEDURAL HISTORY

On February 6, 2026, the Government filed a Misdemeanor Information, reducing the felony charge that was alleged in Complaint.  (Misdemeanor Information, Feb. 6, 2026, Docket No. 19; *cf*. Compl.)  On March 6, 2026, Ahmed was arraigned and entered a plea of not guilty.  (Min. Entry, Mar. 6, 2026, Docket No. 28.)

On April 3, 2026, Ahmed filed a motion to dismiss for outrageous conduct based on the circumstances of her arrest.  (Mot. to Dismiss, Apr. 3, 2026, Docket No. 33.)  On April 23, 2026, Ahmed brought a supplemental motion to dismiss for outrageous conduct, alleging that "the government improperly posted defamatory comments and prejudicial photographs of Ms. Ahmed on official and widely read websites which violated the court's prior sealing order, numerous professional standards intended to protect defendants'

due process rights, and Ms. Ahmed's right to due process." (Suppl. Mot. to Dismiss at 1, Apr. 23, 2026, Docket No. 43.)

Ahmed also filed motions to compel discovery (Docket Nos. 31, 47), and on April 24, 2026, the Court ordered the Government to make various disclosures by May 12, 2026 (Mots. Hr'g Tr. at 21–24, 36, 43, May 8, 2026, Docket No. 65). On May 12, 2026—the date the ordered disclosures were due—the Government requested an additional 60 days to produce the ordered discovery. (Mot. Continuance, May 12, 2026, Docket No. 66.) In response, the Court ordered the Government to file a declaration "describing all efforts undertaken to obtain the discovery at issue and identify what discovery it has obtained to date on or before May 14, 2026." (Order, May 12, 2026, Docket No. 68.) Instead of filing the declaration, the Government filed a motion to dismiss without prejudice under Rule 48(a) of the Federal Rules of Criminal Procedure. (Mot. to Dismiss, May 14, 2026, Docket No. 69.) The Government offered no explanation for why it seeks dismissal. The Government also contemporaneously filed a motion to hold all pending deadlines in abeyance pending the Court's order on the motion to dismiss. (Mot. to Hold Deadlines in Abeyance, May 14, 2026, Docket No. 70.) In its motion to hold deadlines in abeyance, the Government asserts that its motion to dismiss was grounded "in the interest of justice." (*Id.* at 1.) Ahmed does not oppose dismissal but contends that the case should be dismissed with prejudice. (Def.'s Resp. Mem. at 1, May 23, 2026, Docket No. 72.)

**DISCUSSION**

I.    **STANDARD OF REVIEW**

Under Rule 48(a) of the Federal Rules of Criminal Procedure, [t]he government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). Dismissal under Rule 48(a) is generally without prejudice. *DeMarrias v. United States*, 487 F.2d 19, 21 (8th Cir. 1973); *see also United States v. Oliver*, 950 F.3d 556, 562 (8th Cir. 2020). But "when the Government seeks dismissal for an improper purpose, such as harassment, dismissal should be with prejudice." *United States v. Garcia-Lopez*, Crim. No. 25-437, 2026 WL 331200, at *1 (D. Minn. Feb. 6, 2026); *see also Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977) (acknowledging that the purpose of the leave-of-court requirement is "to protect a defendant against prosecutorial harassment, *e.g.*, charging, dismissing, and recharging . . . ."); *United States v. Poindexter*, 719 F. Supp. 6, 10 (D.D.C. 1989) (noting that Rule 48(a) "has the effect of granting authority to the court in exceptional cases to reject a dismissal without prejudice—which would allow re-prosecution—if this would result in harassment of the defendant or would otherwise be contrary to the manifest public interest").[1]

---

[1] The mere fact that the Government retains the ability to bring charges later does not justify dismissal with prejudice. *See United States v. Feldhacker*, 849 F.2d 293, 295 (8th Cir. 1988) (noting that "[i]n general, absent prosecutorial abuse, a defendant does not obtain immunity from prosecution simply because the prosecution has previously dismissed an indictment which described the criminal acts at issue").

## II.    ANALYSIS

Ahmed does not oppose the Government's request to dismiss.  But Ahmed argues that the case against her should be dismissed with prejudice "to prevent the government from being able to avoid both its disclosure obligations and the order of the Court requiring it to account for its failure to produce timely disclosure." (Def.'s Resp. Mem. at 5.)  Ahmed further argues that the dismissal with prejudice is appropriate "in light of the [the Government's] misconduct during the initial arrest and when Ms. Ahmed turned herself in." (*Id.*)  After careful consideration of the record and the arguments, the Court concludes that case against Ahmed should be dismissed **with prejudice** for at least three reasons.

**First,** the Government has provided no reasoned explanation as to why it is seeking dismissal.  The Government's motion states in full:

> The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Robert G. Tucker III, Special Assistant United States Attorney, hereby requests that the Court dismiss this case without prejudice pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure.

(Mot. to Dismiss.)  In its contemporaneous motion to hold deadlines in abeyance, the Government only asserted that its motion to dismiss was grounded "in the interest of justice." (Mot. to Hold Deadlines in Abeyance at 1.)  The Court finds the Government's lack of explanation inadequate.  As other courts have recognized, the Government must provide some justification for its decision to dismiss a case in order to guard against

prosecutorial harassment. *See, e.g.*, *United States v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984) (acknowledging that to advance the purpose of the leave-of-court requirement in Rule 48(a), "the trial court at the very least must know the prosecutor's reasons for seeking to dismiss the indictment and the facts underlying the prosecutor's decision"); *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982) ("Although the burden of proof is not on the prosecutor to prove that dismissal is in the public interest, the prosecutor is under an obligation to supply sufficient reasons—reasons that constitute more than 'a mere conclusory interest.'" (footnote and citation omitted)); *United States v. Adams*, 777 F. Supp. 3d 185, 208 (S.D.N.Y. 2025) ("Rule [48(a)] contemplates public exposure of the reasons for the abandonment of an indictment, information or complaint in order to prevent abuse of the uncontrolled power of dismissal previously enjoyed by prosecutors." (citation omitted)).[2]

**Second**, the record strongly suggests that the Government is attempting to use dismissal as a means of avoiding its discovery obligations and evading the Court's May 12 Order requiring it to explain its failure to fulfill those obligations. As previously discussed,

---

[2] The Court is aware that some courts in this District have recently granted Rule 48(a) motions for dismissal without prejudice, even in the absence of any justification from the Government. *See, e.g.*, *United States v. Rose*, Case No. 26-MJ-104, 2026 WL 795010 (D. Minn. Mar. 4, 2026), *R&R adopted*, 2026 WL 793202 (D. Minn. Mar. 20, 2026); *United States v. Williams*, Case No. 26-MJ-70, Docket No. 31 (D. Minn. Mar. 24, 2026); *United States v. Valentine*, Case No. 26-MJ-28, Docket No. 38 (D. Minn. Apr. 20, 2026); *United States v. Sager*, Case No. 26-MJ-69, Docket No. 55 (D. Minn. May 18, 2026). However, those cases are distinguishable because the defendants in those cases did not object to dismissal without prejudice; the Defendant here has objected.

the Court ordered the Government to make certain disclosures by May 12, 2026.  (*See* Mots. Hr'g Tr. at 21–24, 36, 43.)  The Government did not make any such disclosure. Instead, the Government sought a **60-day** extension of the discovery deadline—a request the Court finds both excessive and unjustified.  (*See* Mot. Continuance.)  That same day, the Court responded to the Government's request and ordered it to submit a declaration "describing all efforts undertaken to obtain the discovery at issue and identify what discovery it has obtained to date on or before May 14, 2026."  (Docket No. 68.)  Again, the Government did not do so.  Instead, the Government moved to dismiss the case on the same day the declaration was due.  The Government's attempt to use the Federal Rules of Criminal Procedure as a means of evading Court orders is certainly troubling and lends support to an inference of prosecutorial harassment.  *Salinas*, 693 F.2d at 353 (reversing defendant's conviction and finding that dismissal of previous indictment without prejudice was erroneous because the Government "used Rule 48(a) to gain a position of advantage" and "trifled with the Rules of Criminal Procedure to harass [the] defendant").

The Court also finds the Eighth Circuit's decision in *Feldhacker* instructive.  *United States v. Feldhacker*, 849 F.2d 293 (8th Cir. 1988).  In that case, the Eighth Circuit affirmed the district court's dismissal without prejudice against a defendant, noting that the "record d[id] not yield a reasonable inference of prosecutorial harassment" since "[t]he government dismissed its original case against [the defendant] only after the trial court

granted [the defendant's] motion to suppress statements he made to investigators, with the result that the government's case on the original indictment became severely weakened." *Id.* at 295.  The Eighth Circuit further acknowledged that "the suppression of [those statements] clearly constitutes a change in circumstances which justifies reindictment after a dismissal under Rule 48(a)." (*Id.*)  Unlike *Feldhacker*, no change in circumstances exists here that would be sufficient to justify dismissal without prejudice. Rather, the record suggests that the Government was confronted with court-imposed deadlines that it was not prepared to meet and a prosecution it was not equipped to pursue after choosing to bring the case—none of which qualify as the type of change in circumstances contemplated in *Feldhacker*.  Moreover, the Court concludes that the Government's actions were not merely an effort to gain a legitimate tactical advantage or to respond appropriately to changed circumstances.  Rather, the actions demonstrate a disregard for the Court's orders and support an inference that the Government intended to harass the defendant.  *Cf. United States v. Sprofera*, 299 F.3d 725, 727 (8th Cir. 2002) (seeking dismissal for strategic decisions is permitted so long as there are no indications of prosecutorial harassment); *United States v. Rush*, 240 F.3d 729, 731 (8th Cir. 2001) (noting that a strategic decision alone does not give rise to an inference of bad faith).

**Third**, the Government's conduct at the outset of this case strongly supports an inference of prosecutorial harassment.  In particular, the Court finds the Government's violation of the Court's January 20, 2026 sealing order especially troubling.  On January

20, 2026, after the Government filed the Complaint, the Government moved to seal the Complaint and supporting affidavit, and the Court granted the motion.  But the Court's sealing order was not lifted until Ahmed's initial appearance at 1:56 p.m. on January 28, 2026—after the United States Attorney General had posted on "X" at 12:53 p.m. that (1) "[f]ederal agents ha[d] arrested 16 Minnesota rioters for allegedly assaulting federal law enforcement"; (2) that the Government "expect[s] more arrests to come"; and (3) that "NOTHING will stop President Trump and this Department of Justice from enforcing the law."  (Kushner Decl. ¶¶ 3–4, Ex. 1.)  The Attorney General then proceeded to identify the sixteen individuals by name, including Ahmed, in a post replying to her 12:53 p.m. post. (*Id.*)  She also posted another reply that included the booking photographs of several of those individuals, including Ahmed.  (*Id.*)  In addition to violating the Court's January 20, 2026 sealing order, the Government also likely violated several Department of Justice policies.[3]

---

[3] *See* 28 C.F.R. §§ 50.2(a)(2) (providing that "the release of information for the purpose of influencing a trial is, of course, always improper"), (b)(2) (stating the DOJ officials shall not "furnish any statement or information for the purpose of influencing the outcome of a defendant's trial"), (b)(6)(i) and (vi) (prohibiting DOJ officials from releasing information that "generally tends to create dangers of prejudice without serving a significant law enforcement function," including "[o]bservations about a defendant's character" and "[a]ny opinion as to the accused's guilt"), (b)(7) (providing that DOJ officials "should take no action to encourage or assist news media in photographing or televising a defendant or accused person being held or transported in Federal custody" and "should not make available photographs of a defendant unless a law enforcement function is served thereby").

In short, the Government's actions in this case violated a Court order, likely violated the Department of Justice's own policies, and undermined the presumption of innocence that lies at the heart of our criminal justice system.  For these reasons, the Court concludes that the dismissal with prejudice is necessary to protect Ahmed from prosecutorial harassment.

The Court will grant in part and deny in part the Government's motion to dismiss. The Court will grant the Government's motion to the extent it seeks dismissal, but it will deny the motion to the extent it seeks dismissal without prejudice.  Because the Court will dismiss this matter, the Court will deny the Government's motion to hold deadlines in abeyance as moot.[4]

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Government's Motion to Dismiss (Docket No. [69]) is **GRANTED IN PART** and **DENIED IN PART**.  The Court **GRANTS** the Government's motion to the extent it seeks dismissal but **DENIES** the motion to the extent it seeks dismissal without prejudice.  This matter is hereby **DISMISSED WITH PREJUDICE**.

---

[4] The Court's decision to dismiss this matter with prejudice does not disrupt fundamental separation-of-powers principles.  *See United States v. Adams*, 777 F. Supp. 3d 185, 215 (S.D.N.Y. 2025) ("Converting a dismissal without prejudice to one with prejudice does not raise the same separation-of-powers concerns as outright denial of a Rule 48(a) motion.").

2. The Government's Motion to Hold Deadlines in Abeyance Pending an Order on

   the Motion to Dismiss (Docket No. [70]) is **DENIED AS MOOT**.


**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:  June 12, 2026                           _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                      JOHN R. TUNHEIM
                                                United States District Judge